In re Edward SIGNORE and Kanella Signore, Debtors.

James Kafantaris, Plaintiff,

v.

Kanella Signore, Defendant.

Bankruptcy No. 09 B 013534.
Adversary No. 09 A 00667.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Sept. 17, 2010.

Julia D. Mannix, for Plaintiff.

Jonathan D. Parker, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO STRIKE (Dkt. No. 34)

JACQUELINE P. COX, Bankruptcy Judge.

The Bankruptcy Court for the Northern District of Illinois has promulgated Local Rules 7056–1 and 7056–2 ("LR 7056–1" and "LR 7056–2") which govern how parties are to present and defend motions for summary judgment. The Rules are modeled on Federal Rule of Bankruptcy Procedure 7056 and Local Rule 56.1 ("LR 56.1") of the Local Rules of the District Court for the Northern District of Illinois. Case law construing LR 56.1 applies to matters considered under LR 7056–1. *Grochocinski v. Rieger (In re Rieger)*, 414 B.R. 416, 424 (Bankr.N.D.Ill. 2009).

LR 7056–1 provides, in its entirety, as follows:

### A. Supporting Documents Required

With each motion for summary judgment filed under Fed. R. Bankr.P. 7056, the moving party must serve and file a supporting memorandum of law and a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law, and that also includes:

(1) a description of the parties;

(2) all facts supporting venue and jurisdiction in this court; and

(3) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e).

### B. Form–Statement of Facts

The statement of facts must consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

### C. Subsequent Filings by Moving Party

If additional material facts are submitted by the opposing party pursuant to Rule 7056–2, the moving party may submit a concise reply in the form prescribed in Rule 7056–2 for response. All material facts set forth in the opposing party's statement filed under section

A(2)(b) of Rule 7056–2 will be deemed admitted unless controverted by the statement of the moving party.

LR 7056–2 states, in its entirety, as follows:

**A. Supporting Documents Required**

Each party opposing a motion for summary judgment under Fed. R. Bankr.P. 7056 shall serve and file the following:

(1) a supporting memorandum of law;

(2) a concise response to the movant's statement of facts that shall contain:

(a) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon; and

(b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon; and

(3) any opposing affidavits and other materials referred to in Fed. R.Civ.P. 56(e).

**B. Effect**

All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

■ LR 7056–2 requires that the nonmoving party respond to the movant's LR 7056–1 Statement. The response must address "each numbered paragraph in the moving party's statement, including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" LR 7056–2(A)(2)(a). "If a nonmovant fails to properly respond to a movant's 56.1(a) statement, the movant's factual allegations are deemed admitted." *Kasak v. Vill. of Bedford Park,* 563 F.Supp.2d 864, 867 (N.D.Ill.2008). The evidence supporting the factual statements must represent admissible evidence. *Malec v. Sanford,* 191 F.R.D. 581, 585 (N.D.Ill.2000).

### Paragraph 8 of the Defendant's LR 7056–1 Statement

■ The Plaintiff admits in paragraph 8 that Billy's Fountain and Grill relocated, that the Plaintiff became its owner, that he owed his parents $30,000.00 for its purchase, that he made payments of $260.35 a month, and that the $30,000.00 note was not fully repaid. The Plaintiff also affirmatively states that his mother Jean Kafantaris ("Jean") forgave the $13,000.00 balance on the debt, that the note shows that its balance was forgiven, and that Jean said that the Plaintiff's wife Linda Kafantaris ("Linda") would recover the money anyway upon Jean's death. The court will strike the portion of the Plaintiff's response that asserts additional facts. Section A(2)(b) of LR 7056–2 provides that additional facts that require the denial of summary judgment be made in a separate statement. Thus, the court strikes in the Plaintiff's response to paragraph 8 everything after the words "paragraph 8." The court deems all of paragraph 8 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraphs 12 and 13 of the Defendant's LR 7056–1 Statement

■ The Plaintiff admits the facts stated in paragraphs 12 and 13 but denies knowledge with regard to the repayment of the condominium (as to paragraph 12)

and the income of the Defendant's husband Edward Signore (as to paragraph 13). The Plaintiff's unsupported denials of paragraphs 12 and 13 are improper. Section A(2)(a) of LR 7056–2 provides that "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon" must be included. Thus, the court strikes the words in the Plaintiff's response to paragraph 12 after the words "paragraph 12" and also strikes the words in the Plaintiff's response to paragraph 13 after the words "paragraph 13." The court deems all of paragraphs 12 and 13 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraph 14 of the Defendant's LR 7056–1 Statement

The Plaintiff denies assertions of paragraph 14 that the Defendant's highest level of education was one year of college, that she stopped working in 1990, that she once worked as a hostess at a restaurant for $2.00 an hour plus tips, and that her only current source of income is $684.00 per month in Social Security benefits. The Plaintiff affirmatively asserts in addition that the Defendant worked at Olympia Star Restaurant as a hostess through 2006 and that the Plaintiff has no knowledge with regard to the Defendant's Social Security benefits. The Plaintiff's response to paragraph 14 is stricken. LR 7056–2 requires that, in the case of disagreement, "specific references" be made to "the affidavits, parts of the record, and other supporting materials relied upon[.]" The Plaintiff's denial fails to cite to affidavits, parts of the record, or other supporting materials. Requiring the court to search the record to find support for the Plaintiff's denial would be improper. *See Kasak*, 563 F.Supp.2d at 868. Additionally, the Plaintiff is entitled to submit new factual matters in addition to those in his response; injecting such additional material into the response, however, is not appropriate. LR 7056–2 requires that additional facts be separately asserted. Because the denial is unsupported and the additional statement is improperly injected into the response, the Plaintiff's entire response to paragraph 14 is stricken. The facts in the Defendant's LR 7056–1 Statement at paragraph 14 are deemed admitted.

### Paragraph 16 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statements in paragraph 16 and affirmatively asserts that his wife Linda and the Defendant had a close relationship, referencing page 74 of Linda's deposition. The Plaintiff is entitled to submit new factual matters in addition to those in his response. Injecting such additional material into the response, however, is not appropriate. Thus, the court strikes the words in the Plaintiff's response appearing after the words "paragraph 16." The court deems all of the statements of paragraph 16 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraph 23 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statements in paragraph 23 and affirmatively asserts that Jean stayed with the Plaintiff on occasion. The Plaintiff is entitled to submit new factual matters in addition to those in his response. Injecting such additional material into the response, however, is improper. Thus, the court strikes the words appearing in the Plaintiff's response after "paragraph 23." The court deems all of the statements of paragraph 23 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraph 24 of the Defendant's LR 7056–1 Statement

The Plaintiff admits that he did not come to Thanksgiving dinner but states

that he has no knowledge of any of the other statements in paragraph 24. The "no knowledge" response is not supported by a reference to affidavits, parts of the record, and other supporting materials. Thus, everything after the word "dinner" is stricken. The entirety of paragraph 24 of the Defendant's LR 7056–1 Statement is deemed admitted by the Plaintiff.

### Paragraph 27 of the Defendant's LR 7056–1 Statement

Paragraph 27 of the Defendant's LR 7056–1 Statement asserts as follows:

> During the latter part of 2003, Jean had several separate meetings with an individual named John "Jack" Flood (hereinafter "Flood"). (Jack Flood Aff. ¶ 3.) Flood advised Jean as to how to receive more favorable tax treatment for her investments. (Flood Aff. ¶ 7.) Subsequent to those meetings, Jean decided to withdraw her money from her then-existing bank accounts in order to re-invest the money in accounts with more favorable tax treatment. (Jack Flood Aff. ¶ 8.) Defendant was not present at any of these conversations. (Jack Flood Aff. ¶ 9.) Plaintiff has never heard of Jack Flood. (Pl.'s Dep. 85:15–22.)

The Plaintiff admits that he did not know of John "Jack" Flood ("Flood"). The Plaintiff also asserts that he has "insufficient knowledge to admit or deny any of the remaining statements." Additionally, the Plaintiff asserts that Flood "does not affirmatively state that the accounts in [the] Plaintiff's name were to be closed and placed in the name of either the Defendant or her daughter Elaine Schima." The Plaintiff is entitled to submit new factual matters in addition to those in his response. Injecting such additional material into the response, however, is improper. Therefore, the words in the Plaintiff's response to paragraph 27 after the words "did not know of Jack Flood" are stricken.

Because the Plaintiff has not properly responded to the first four sentences in paragraph 27, those sentences of the Defendant's LR 7056–1 Statement are deemed admitted by the Plaintiff.

### Paragraph 32 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statements in paragraph 32 and affirmatively states that there was another TCF account, number 2864336114, that was in both his and Jean's names. The Plaintiff is entitled to submit new factual matters in addition to those in his response. Injecting such additional material into the response, however, is improper. Thus, the court strikes the second sentence of the Plaintiff's response to paragraph 32 of the Defendant's LR 7056–1 Statement. The court deems all of paragraph 32 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraphs 33, 34, 35, and 36 of the Defendant's LR 7056–1 Statement

The Plaintiff responds that he has no knowledge of the transactions described in paragraphs 33 through 36 which, the Plaintiff argues, are supported only by self-serving affidavits. The Plaintiff is required to respond by specifically referencing affidavits, parts of the record, and other supporting materials. He has not done so. His responses to paragraphs 33 through 36 are, therefore, stricken, and the statements in the corresponding paragraphs of the Defendant's LR 7056–1 Statement are deemed admitted. Of particular note is the Plaintiff's response to paragraph 36—that he has no knowledge of the November 19, 2003 withdrawal of $86,531.77 from account 8053155958 at Charter One Bank. It is hard to believe that the Plaintiff has no knowledge of this transaction, as he alleges in paragraph 22 of his Complaint that on November 19, 2003, $86,531.77 was transferred from the

Charter One account to the Defendant. Similarly, in paragraph 37 of his Complaint, the Plaintiff alleges that the Defendant either used her power of attorney to transfer $86,531.77 to herself on November 19, 2003, unduly influenced Jean to transfer those funds to her, or forged Jean's signature in order to withdraw the funds.

### Paragraph 38 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statements in paragraph 38 but states that he cannot admit or deny who was present at the time the described transactions were made. The Plaintiff's response regarding who was present at the time of the transactions is insufficient, as he does not cite to affidavits, parts of the record, and other materials to support his response. Thus, the Plaintiff is deemed to have admitted paragraph 38 in its entirety, including the statement that "[p]resent at the execution of the above described transactions were Defendant, Jean and ... Elaine Schima."

### Paragraph 39 of the Defendant's LR 7056–1 Statement

The Plaintiff admits in paragraph 39 that an account was opened but also asserts that he cannot admit or deny the remainder of the statement. The Plaintiff is entitled to submit additional facts in opposition to a motion for summary judgment. However, injecting them into the response is improper. LR 7056–2 provides that additional facts that require the denial of summary judgment be made in a separate statement. Thus, the court deems all of paragraph 39 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraph 43 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statements in paragraph 43 and affirmatively asserts that Jean would not close an account if doing so would cause her to lose interest. The Plaintiff is entitled to submit new factual matters in addition to those in his response. Injecting such additional material into the response, however, is improper. Thus, the court strikes the words in the Plaintiff's response appearing after "paragraph 43." The court deems all of paragraph 43 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraph 45 of the Defendant's LR 7056–1 Statement

The Plaintiff states that he has "no knowledge as to admit or deny the statements in paragraph 45." The Plaintiff is required to respond by specifically referencing affidavits, parts of the record, and other supporting materials. He has not done so. Thus, the Plaintiff's response to paragraph 45 is stricken. The statements in paragraph 45 of the Defendant's LR 7056–1 Statement are deemed admitted by the Plaintiff.

### Paragraph 46 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statements in paragraph 46 and affirmatively asserts that Jean retired the promissory note for the restaurant in 2002, long before the will was drafted, and that the Plaintiff was named executor of Jean's will. The Plaintiff is entitled to submit new factual matters in addition to those in his response. Injecting such additional material into the response, however, is improper. Additionally, the Defendant challenges the Plaintiff's response to paragraph 46 because it refers to a note that includes the word "paid" on it and, thus, the Defendant argues, constitutes inadmissible hearsay. The court will not strike the second sentence of the Plaintiff's response to paragraph 46 on this ground. Whether the lenders were the ones who marked the note as "paid" is unknown. If the lenders

marked the note as "paid," reference to the note could be admissible as a business record. Nevertheless, the court strikes the second and third sentences of the Plaintiff's response to paragraph 46 of the Defendant's LR 7056–1 Statement because they have not been asserted separately as required by LR 7056–2. The court deems all of the statements in paragraph 46 of the Defendant's LR 7056–1 Statement admitted by the Plaintiff.

### Paragraph 48 of the Defendant's LR 7056–1 Statement

The Plaintiff admits the statement in paragraph 48 that he never discussed Jean's estate plan with Jean but asserts that he has no knowledge with regard to the Defendant's knowledge of Jean's assets. Additionally, the Plaintiff affirmatively states that he and Linda spoke with Jean and William regarding their estate plan and that his parents wanted their assets to be divided equally. The Defendant argues that this response should be stricken because it is based on inadmissible hearsay. The court overrules the hearsay objection as the Plaintiff does not quote William and Jean making an out of court statement and merely summarizes what their wishes were. However, the Plaintiff's assertion about what William and Jean wanted and his claim to have no knowledge with regard to what the Defendant knew about Jean's assets are stricken, as the assertion and the claim are not based on affidavits, parts of the record, or other supporting materials. The Plaintiff's assertion and claim are also stricken as being improperly injected into the Plaintiff's response. LR 7056–2 requires that additional statements by a party opposing a motion for summary judgment be stated separately. All statements of paragraph 48 of the Defendant's LR 7056–1 Statement are deemed admitted by the Plaintiff.

The court notes that a review of the docket in this adversary proceeding reveals that the Plaintiff has not filed a separate LR 7056–2 Statement in opposition to the Defendant's LR 7056–1 Statement.